IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ALEXANDER S. POPEJOY, | ) |   |
|---|---|---|
|   | ) |   |
| Movant, | ) |   |
|   | ) |   |
| v. | ) | Case No. 3:21-cv-00799 |
|   | ) | Judge Trauger |
| UNITED STATES OF AMERICA, | ) |   |
|   | ) |   |
| Respondent. | ) |   |

## MEMORANDUM OPINION AND ORDER

Alexander Popejoy, a federal prisoner housed at the United States Penitentiary in Coleman, Florida, has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1, "the Motion.") The United States has responded to the Motion (Doc. No. 8), and the movant has filed a reply to the government's response (Doc. No. 11), a notice of supplemental authority (Doc. No. 12), and a supporting declaration. (Doc. No. 13.)

The court finds that no evidentiary hearing is necessary, as the Motion and the record in this case "conclusively show that the prisoner is entitled to no relief." *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (quoting 28 U.S.C. § 2255(b)); *see also Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (finding that "[a] hearing is not necessary . . . when a petitioner's claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact") (citations and internal quotation marks omitted).

For the reasons given below, the court finds that the Motion is without merit and must be denied.

## I. BACKGROUND

On January 16, 2020, the court accepted the movant's open plea of guilty to one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Popejoy*, No. 3:18-cr-00120, Doc. No. 35 (M.D. Tenn.). On November 6, 2020, the court entered judgment sentencing the movant to 180 months' imprisonment and 3 years of supervised release. *Id.*, Doc. No. 53. The 180-month prison term was the movant's mandatory minimum sentence upon enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which applied because he had three prior violent felony convictions. The three predicate felonies included two aggravated assaults and, as particularly relevant here, a 2009 conviction for aggravated burglary under Tenn. Code Ann. § 39-14-403,[1] for which the movant received a sentence of probation. (*See* Doc. No. 1 at 4, 16.)

The movant did not appeal his sentence to the Sixth Circuit Court of Appeals. He timely filed his Motion in this court on October 19, 2021.

## II. ISSUES PRESENTED

In seeking relief from his ACCA-enhanced sentence, the movant raises two issues: (1) whether, under *Borden v. United States*, 593 U.S. 420 (2021), he is entitled to resentencing because his prior aggravated burglary conviction under Tennessee law does not qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i) (*see* Doc. No. 1 at 15–17), and (2) whether he received ineffective assistance of counsel when (a) he was advised to plead guilty after the U.S. Supreme

---

[1] Section 39-14-403 defined aggravated burglary as "burglary of a habitation as defined in §§ 39-14-401 and 39-14-402." Tenn. Code Ann. § 39-14-403(a). As relevant here, Section 39-14-402 defined burglary as entry, "without the effective consent of the property owner," into "a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft, or assault," or entry into such a building and the commission or attempt to commit a felony, theft, or assault. Tenn. Code Ann. § 39-14-402(a)(1), (3). These definitions did not change when the burglary statutes were repealed and then reenacted, with only very minor modification, in Section 39-13-1001 *et seq.* of the Tennessee Code.

Court issued its decision in *U.S. v. Stitt*, 586 U.S. 27 (2018), and (b) when counsel failed to object to the propriety of enhancing his sentence under ACCA (*see* Doc. No. 1 at 15, 17–20), in order to at least preserve the issue for appeal. (*See* Doc. No. 13 at 2.)

### III. DISCUSSION

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Harper v. United States*, 780 F. App'x 236, 237 n.1 (6th Cir. 2019) (quoting *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006)); *see* 28 U.S.C. § 2255(a). Non-constitutional errors are generally outside the scope of Section 2255 relief, *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000), unless the movant can establish a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

In this case, the movant's reliance on *Borden v. United States*, 593 U.S. 420 (2021), is misplaced. The decision in *Borden* began by noting that ACCA's "penalty enhancement kicks in only when a defendant has committed no fewer than three offenses meeting the statute's definition of 'violent felony.'" *Id.* at 424. One way that a prior felony can meet ACCA's definition of "violent felony" is if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Another way, and the one relevant to the movant's aggravated burglary conviction, is if the prior felony "is burglary, arson, or extortion," or involves the use of explosives. *Id.* § 924(e)(2)(B)(ii). The Court in *Borden* considered only the first way, "the so-called elements clause." 593 U.S. at 424; *see United States v. Dorsey*, 91 F.4th

3

453, 459 (6th Cir.), *cert. denied*, 145 S. Ct. 286 (2024) ("*Borden* held that the ACCA's elements clause does not cover offenses that require only a 'reckless' state of mind."). Likewise, *United States v. White*—the Sixth Circuit decision that is the subject of the movant's notice of supplemental authority (Doc. No. 12)—also decided whether the state offense at issue qualified as "violent" under the elements clause, applying *Borden* with a focus on "the absence of a knowing or purposeful mens rea" as an element of Ohio aggravated robbery. *United States v. White*, 58 F.4th 889, 898 (6th Cir. 2023). But *Borden* and *White* do not impact cases (such as this one) in which the ACCA enhancement relies on predicate offenses that are explicitly enumerated in the statute, *i.e.*, burglary. *See United States v. Brasby*, 61 F.4th 127, 133 (3d Cir. 2023) ("We need not decide how *Borden* applies here because we decide this case under the enumerated offenses clause rather than the elements clause[.]").

Aside from the movant's argument under *Borden*, *White*, and Section 924(e)(2)(B)(i)—none of which is relevant to his sentence enhancement under Section 924(e)(2)(B)(ii)—he generally argues that the use of his aggravated burglary conviction as an ACCA predicate was improper because Tennessee aggravated burglary is an "offense of recklessness." (Doc. No. 1 at 4, 15–17.) He contends that 10 years is the sentence he "qualifies for," and that the 15-year sentence he received due to the improper application of ACCA has resulted in an injustice to which defense counsel should have objected. (Doc. No. 11 at 3; Doc. No. 1 at 18–19.)

A claim of ineffective assistance of counsel arises under the Sixth Amendment and is properly analyzed under the two-prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984), which asks: (1) whether counsel was deficient in representing the movant; and (2) whether counsel's alleged deficiency prejudiced the defense such that the movant was deprived of fundamental fairness. *Id.* at 687. To meet *Strickland*'s first prong, the movant must establish that

4

his counsel's representation "fell below an objective standard of reasonableness," and must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [he] must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Id.* at 688–89 (quoting *Michel v. State of La.*, 350 U.S. 91, 101 (1955)).

In this case, the movant cannot establish deficient performance under *Strickland*. Given the state of Sixth Circuit law after *Stitt* was decided by the Supreme Court, the movant's sentence enhancement under ACCA was not arguably improper, and his counsel was not ineffective in failing to object to it, even for the sake of preserving the issue for appeal. As discussed above, burglary is an offense that meets ACCA's definition of "violent felony" due to its enumeration in Section 924(e)(2)(B)(ii). To determine whether aggravated burglary under Tennessee law fits within the enumerated offense of burglary, such that it too qualifies as a violent felony for ACCA purposes, the court must apply the "categorical approach" by comparing the elements of both to determine whether the elements of the statutory offense "are the same as, or narrower than, those of the generic offense." *Descampes v. United States*, 570 U.S. 254, 257 (2013). If the statutory elements are broader than those of the generic offense, then the crime exceeds the scope of the enumerated offense clause and cannot be used as an ACCA predicate.

Before 2019, the law in the Sixth Circuit was in flux with regard to whether a prior conviction of aggravated burglary in Tennessee fit within the scope of generic burglary and was thus an ACCA predicate. But by the time of the movant's 2020 sentencing, the matter had been decisively resolved. As described by the Sixth Circuit in 2019:

> "Tennessee defines aggravated burglary as the 'burglary of a habitation,' Tenn. Code Ann. § 39-14-403, and defines 'habitation' as 'any structure . . . which is designed or adapted for the overnight accommodation of persons,' *id.* § 39-14-

5

401(1)(A)." *Stitt I*, 860 F.3d at 857.[2] Under Tennessee law, "'habitation' includes 'mobile homes, trailers, and tents,' as well as any 'self-propelled vehicle that is designed or adapted for the overnight accommodation of persons[.]'" *Id.* In contrast, "'generic burglary' means 'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).

We concluded in *Stitt I* that a conviction under the Tennessee statute is not a violent felony for ACCA purposes because we found that "Tennessee's aggravated-burglary statute sweeps more broadly than generic burglary[.]" *Stitt I*, 860 F.3d at 860–61. We also overruled our previous decision in *United States v. Nance*, "which held that the statute matches the ACCA's definition of generic burglary." *Id.* at 861 (citing *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007)).

The Supreme Court granted a writ of certiorari in *Stitt I* to consider whether "burglary of a nonpermanent or mobile structure that is adapted or used for overnight accommodation can qualify as 'burglary' under the [ACCA]." *Stitt II*, 139 S. Ct. at 404 (citation omitted). The Supreme Court found that "[t]he relevant language of the Tennessee . . . statute[ ] falls within the scope of generic burglary's definition as set forth in *Taylor*," and thus reversed *Stitt I*. *Id.* at 406, 408. . . .

. . . [T]he Supreme Court . . . reverse[d] the rationale by which we overruled *Nance*. Although this court has never ruled as such, it necessarily follows that *Nance*'s holding, which is directly on point, is once again the law of this circuit. *Nance*, 481 F.3d at 888 (ruling that "Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes.").

. . .

Notably, Tennessee's aggravated burglary statute directly references Tennessee's simple burglary statute. *See* Tenn. Code Ann. § 39-14-40[3] ("Aggravated burglary is a burglary of a habitation as defined in §§ 39-14-401 and 39-14-402."). Since the Supreme Court issued *Stitt II*, courts in the Sixth Circuit have cited *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) (relying on *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015)), which held, broadly, that "convictions under subsections (a)(1), (a)(2), or (a)(3) of the Tennessee burglary statute [Tenn. Code Ann. § 39-14-402] fit within the generic definition of burglary and are therefore violent felonies for purposes of the ACCA." One district court explained:

> At the time the Sixth Circuit issued its decision in *Ferguson*[ ], there may have been some uncertainty as to the continued import of *Priddy*, due to the Sixth Circuit's decision in *Stitt* [*I*], which overruled *Nance*[ ], a case on which *Priddy* had placed significant reliance. Those concerns likely

---

[2] In referring to "*Stitt I*," the Sixth Circuit refers to its *en banc* decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), which was overruled by the Supreme Court in "*Stitt II*."

6

Case 3:21-cv-00799    Document 15    Filed 02/18/25    Page 6 of 9 PageID #: 104

> have been resolved, as the Supreme Court has unanimously reversed . . . *Stitt* [*I*].
>
> *Jenkins v. United States*, No. 3:10-CR-435, 2019 WL 460493, at *1 n.1 (N.D. Ohio Feb. 6, 2019). No one contends that *Ferguson* is not binding precedent, and as the district court in *Jenkins* observed, any concerns about the relationship between *Ferguson*, *Priddy*, and *Nance* have been resolved with *Stitt II*.

*Brumbach v. United States*, 929 F.3d 791, 793–95 (6th Cir. 2019).

Accordingly, under *Brumbach* and *Nance*, "Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes." *Id.* at 794 (quoting *Nance*, 481 F.3d at 888). As this court has previously held, "regardless of the merits of" the argument that "aggravated burglary does not qualify as generic burglary, because the statute permits a conviction based on a mere 'reckless' violation of the statute," "this court is bound by Sixth Circuit precedent to conclude that Tennessee aggravated burglary is a crime of violence under the ACCA." *United States v. Betts*, No. 3:20-CR-00033, 2021 WL 5989911, at *1 (M.D. Tenn. Dec. 17, 2021), *aff'd*, No. 22-5006, 2022 WL 3137710 (6th Cir. Aug. 5, 2022) (citing *United States v. Gann*, 827 F. App'x 566, 569 (6th Cir. 2020) ("Gann also argues that . . . Tennessee aggravated burglary does not qualify as generic burglary because it lacks generic burglary's intent-to-commit-a-crime element. But several panels of this court have also treated this argument as foreclosed by *Brumbach*. In light of *Brumbach*, we do the same." (internal citations omitted)). The court is no less bound today that it was at the time of its decision on this issue in *Betts*.

In short, the dominoes that fell after the Supreme Court's decision in *Stitt* did not fall in the movant's favor. When the movant was told by his counsel "[i]n a pre-trial interview" that his advice on how to proceed was "waiting for the ruling" in *Stitt* (the movant was indicted in May 2018, when he was in state custody[3]; *Stitt* was decided in December 2018), counsel was performing

---

[3] *See United States v. Popejoy*, No. 3:18-cr-00120-1, Doc. No. 1.

prudently, not deficiently. After the movant and his counsel knew the range of enhanced punishment he faced if convicted on the felon-in-possession count in this court, the decision was made to plead guilty without a plea agreement, resulting in the movant receiving the least onerous sentence possible under ACCA. While he now challenges his counsel's failure to object to his status as an armed career criminal (Doc. No. 1 at 18), arguing that such an objection "could have preserved this very critical issue" (*id.* at 19), such an objection would have been fruitless as a matter of law. *See Gann*, *supra*; *Booker v. United States*, 810 F. App'x 443, 444–45 (6th Cir. 2020).[4] Therefore, the movant suffered no prejudice as a result of counsel's failure to object.

In sum, there is no merit to the movant's claims of sentencing error and ineffective assistance of counsel. His Motion will therefore be denied.

### IV. CONCLUSION

For the reasons given above, the movant's Section 2255 motion (Doc. No. 1) is **DENIED** and this action is **DISMISSED**. In light of this disposition, the movant's Motion to Request Docket Report (Doc. No. 14) is **DENIED** as moot.

---

[4] *Booker*, which was cited in *Gann*, laid out the "intent" argument before quickly dispatching it, as follows:

> Second, Booker argues that Tennessee burglary is missing the intent element of generic burglary. The Supreme Court has defined generic burglary as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). One variant of Tennessee burglary, says Booker, lacks "intent to commit a crime," because § 402(a)(3) makes it a burglary to, "without the effective consent of the property owner . . . [e]nter[ ] a building and commit[ ] or attempt[ ] to commit a felony, theft, or assault." Tenn. Code Ann. § 39-14-402(a)(3). The underlying "felony, theft, or assault" necessary for an (a)(3) conviction, he adds, could require mere recklessness, which to his mind suggests the convicted burglar never formed "intent to commit a crime." But *Brumbach*, again, makes clear that *Nance* is good law and leaves no room for raising still more arguments about Tennessee aggravated burglary.

810 F. App'x at 444–45.

When the district court denies a ground for relief on the merits in a habeas corpus action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the movant has not made a substantial showing of the denial of a constitutional right with respect to any ground for relief asserted, a COA will not issue.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge